IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-75,377-01






EX PARTE MARTIN LOPEZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. K-89-00045 IN THE 341ST DISTRICT COURT


FROM WEBB COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a
vehicle and sentenced to twenty-five years' imprisonment. He did not appeal his conviction.

 Applicant contends that his sentence is illegal, that his plea was rendered involuntary, and
that trial counsel rendered ineffective assistance. The trial court made findings of fact and
conclusions of law and recommended that we grant relief. We believe that the record is not adequate
to resolve Applicant's claims. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. 

 Applicant appears to be represented by counsel. If he is not and the trial court elects to hold
a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. Tex.
Code Crim. Proc. art. 26.04. 

 The trial court shall make further findings of fact as to whether convictions other than those
in cause numbers 20,843 and 20,453 could have been used to enhance Applicant's punishment under
Section 12.42(d) of the Penal Code. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims
for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 60 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 90 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: March 2, 2011

Do not publish